UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Naima Tosha Lee,<br><br>   Plaintiff,<br><br> v.<br><br>Commissioner of Social Security,<br><br>   Defendant. | CASE NUMBER: 1:25-cv-01007-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO REQUIRE FILING FEE PAYMENT, AND DIRECTING CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE**<br><br>**(Doc. 2)** |

  Plaintiff moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Docs. 1–2.

**I.** **Legal Standard**

  In order to proceed without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  In enacting the in forma pauperis statute, "Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotations and citations omitted).

  The determination whether a party may proceed in forma pauperis is a "matter within the discretion of the trial court . . ." *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963).  To

proceed in forma pauperis a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing himself and his dependents (if any) with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Although there is no bright line rule, courts often look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See, e.g., Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

## II. **Findings**

Plaintiff's application reflects a three-person household (two dependent children).

Plaintiff receives mortgage payments from her ex-husband in an amount of $2,400 per month on a house worth $414,000. She also receives $800-$1,000 in child/spousal support. Her husband also recently began paying her $1,000 per month for utility and car insurance expenses. She has a 401k account balance of $200,000, from which she took a $35,000 early disbursement (with penalty) in 2024, though the use or allocation of these funds is not mentioned. She receives $700 per month in food stamps. She drives a 2019 BMW x3 worth approximately $18,000. She has $19,000 in credit card debt.

In total, she receives approximately $4,900 per month ($2,400+$800+$1000+$700), which equals $58,800 per year, substantially in excess of the federal poverty guideline for a household of three of $26,650 per year.[1]

Granted, a comparison between Plaintiff's income and the federal poverty guideline does not fully encapsulate Plaintiff's nuanced financial situation. Nevertheless, her expenses are essentially offset by her income, she has significant other assets (albeit not liquid), a $35,000 401k distribution (the use of which is not accounted for), and $1,200 in cash on hand.

This strongly suggests the ability to pay the $405 filing fee without sacrificing the necessities of daily life.

---

[1] *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines

### III. Recommendation

Accordingly, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis be denied (Doc. 2).

The Clerk of Court is DIRECTED to randomly assign this case to a United States District Judge for resolution of these findings and recommendations pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within fourteen (14) days from the filing of these findings and recommendations, Plaintiff may file written objections with the court. L.R. 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 7, 2025**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE